UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NACO, LLC and CA EVIVA OWNER LLC,<br><br>         Plaintiffs,<br><br>    v.<br><br>DARNELL CARD,<br><br>         Defendants. | No. 2:25-cv-01936-TLN-CSK<br><br>**SUA SPONTE REMAND ORDER** |

This matter is before the Court pursuant to Defendant Darnell Card's ("Defendant") Notice of Removal and Motion to Proceed in Forma Pauperis. (ECF Nos. 1–2.) For the reasons set forth below, Defendant's Motion to Proceed in Forma Pauperis is DENIED as moot, and the Court hereby REMANDS the action to Sacramento County Superior Court due to lack of subject matter jurisdiction.

///
///
///
///
///
///
///

1

## I.  FACTUAL AND PROCEDURAL BACKGROUND

On May 14, 2025, Plaintiffs Naco, LLC and CA Eviva Owner LLC ("Plaintiffs") filed a Complaint in state court for this unlawful detainer action against Defendant for possession of real property known as 1531 N Street, #519, Sacramento, California, 95814 (the "Property"). (ECF No. 1 at 17.) On July 11, 2025, Defendant filed a Notice of Removal. (ECF No. 1.)

## II.  STANDARD OF LAW

28 U.S.C. § 1441 permits the removal to federal court of any civil action over which "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "Removal is proper only if the court could have exercised jurisdiction over the action had it originally been filed in federal court." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). Further, "[i]f the district court at any time determines that it lacks subject matter jurisdiction over the removed action, it must remedy the improvident grant of removal by remanding the action to state court." *Cal. ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838, *as amended*, 387 F.3d 966 (9th Cir. 2004), *cert. denied* 544 U.S. 974 (2005).

Federal question jurisdiction is set forth in 28 U.S.C. § 1331. *See* 28 U.S.C. § 1331. The "presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 386. Federal question jurisdiction therefore cannot be based on a defense, counterclaim, crossclaim, or third-party claim raising a federal question. *See Vaden v. Discover Bank*, 556 U.S. 49 (2009); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042–43 (9th Cir. 2009).

## III.  ANALYSIS

Defendant removed to this Court based on federal question jurisdiction. (ECF No. 1-1.) In his notice of removal, Defendant argues Plaintiffs illegally discriminated against him and refused to accept rent payments because Defendant is African American. (ECF No. 1 at 1–4.) Defendant cites various federal statutes that he argues establish federal question jurisdiction. (*Id.*)

1  However, the instant Complaint relies solely on California state law and does not assert any
2  claims under federal law.  (*See* ECF No. 1 at 17–20.)  Based on the well-pleaded complaint rule
3  as articulated above, "federal jurisdiction exists only when a federal question is presented on the
4  face of the plaintiff's properly pleaded complaint."  *Caterpillar Inc.*, 482 U.S. at 386.

   Because the Complaint indicates that the only cause of action is one for unlawful detainer, which arises solely under state law, this action does not arise under federal law.  To the extent Defendant argues Plaintiffs discriminated against him because of his race, such an argument constitutes a defense, which cannot form the basis for federal question jurisdiction.  As there are no apparent grounds for federal jurisdiction, it is appropriate to remand this case, *sua sponte*, for lack of subject matter jurisdiction.  *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) ("[T]he district court ha[s] a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not.").

### IV.  CONCLUSION

For the reasons stated above, Defendant's motion to proceed in forma pauperis (ECF No. 2) is DENIED as moot, and the Court hereby REMANDS this action to Sacramento County Superior Court and the Clerk of the Court is directed to close the case.

IT IS SO ORDERED.

Dated: July 14, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE